IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARRY I. MCCLEAN, :
:
    Plaintiff, : CIVIL ACTION
:
  v. :
: NO. 12-cv-4706
PHILADELPHIA HOUSING AUTHORITY, :
et al., :
:
    Defendants. :

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                            **February 27, 2013**

    Before the Court are the Motion to Dismiss of the Philadelphia Housing Authority ("PHA") and the Motion to Dismiss of the United States Department of Labor ("DOL") and the United States Department of Housing and Urban Development ("HUD"). For the reasons stated herein, we grant the motions and dismiss the case with prejudice as against the PHA and without prejudice as against the DOL and HUD.

**I. BACKGROUND**

    The Plaintiff, proceeding pro se and in forma pauperis, brings this action against the PHA, DOL, and HUD seeking to recover unpaid wages and fringe benefits which he claims the Defendants owe him pursuant to the Davis-Bacon Act, 40 U.S.C. §§ 3141 et seq. Because the Plaintiff has not clearly set forth the factual background in his pleadings, we also look to the briefing

1

on the pending motions and the exhibits appended to both for the underlying facts.[1] See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.") (internal citations and quotations omitted).

It appears that the Plaintiff began training as a plumber under the auspices of a program jointly administered by the PHA and Plumbers Union Local 690 (the "union"). (Velez Decl. ¶¶ 4-5.) According to the PHA, he worked during a probationary employment period from May 22, 2009 until October 6, 2009. Id. ¶ 5. Apparently at the request of the union, the Plaintiff was terminated from the program; no reason for the termination appears in the record, nor does any evidence that either the Plaintiff or the union complained, filed any formal grievance, or sought any other remedy for the termination. See id. ¶ 6.

The Plaintiff then filed complaints with local HUD officials, claiming that the PHA and had paid him less than the

---

[1] The Plaintiff also submitted a letter to this Court, dated February 14, 2013, in which he responded to the reply submission of the DOL and HUD. It does not appear that the Plaintiff sent a copy of this letter to the other parties in this matter or their counsel. Such attempts to communicate with the Court ex parte are improper. The Court does not consider the letter in resolving the pending motions and instructs the Plaintiff to copy his adversaries on any and all future written communication with the Court.

relevant prevailing Davis-Bacon Act wages. HUD agreed twice, in November 2010 and again in January 2011, and instructed PHA to pay the Plaintiff the relevant prevailing Davis-Bacon wage rate. (Compl. Ex. 1 (the "HUD Letter"); Velez Decl. ¶¶ 12-14.) HUD officials therefore appear to have concluded that the Davis-Bacon Act applied to all or part of the Plaintiff's work between May and October 2009. (See HUD Letter; Velez Decl. ¶¶ 12-14.)

Still contending that the PHA should have compensated him at a higher rate, the Plaintiff filed a complaint with the DOL Wage and Hour Division (the "Division"). (Velez Decl. ¶¶ 12-14.) Two officials of the Division, one in Philadelphia and one in Washington, wrote him letters announcing their conclusion that the Davis-Bacon Act did not apply to his work for the PHA at all. (Pl.'s Response Ex. 1 (the "Bostic Letter"), Ex. 2 (the "Helm Letter").) Neither official sought to reconcile the DOL's decision with HUD's apparent conclusion that the Davis-Bacon Act did apply to some or all of the Plaintiff's work for the PHA. (See Bostic Letter; Helm Letter.) The Plaintiff received the last of these letters in June 2012. (See Helm Letter.)

In August 2012, the Plaintiff filed this action in this Court. Read generously, the Plaintiff's complaint asserts (1) a claim for unpaid wages against the PHA pursuant to 40 U.S.C. § 3144(a)(2), and (2) a claim for judicial review, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, of the

3

DOL's determination that Davis-Bacon Act wage rates did not apply to all or part of his work for the PHA. (See generally Compl.) All the Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the Plaintiff's claims for lack of subject matter jurisdiction, principally arguing that the Plaintiff has failed to exhaust his administrative remedies.

## II. STANDARD OF REVIEW

Rule 12(b)(1) allows a court to dismiss a case for lack of subject matter jurisdiction. A motion pursuant to Rule 12(b)(1) affords the opportunity to challenge the Court's jurisdiction both on the face of the complaint and as a factual matter. Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009). When considering a motion under Rule 12(b)(1), no presumption of truthfulness attaches to complaint's allegations because the issue is whether the court has power to hear the case. Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977). Finally, given the Plaintiff's pro se status, we note that "pro se complaints are to be construed liberally and are interpreted to raise the strongest arguments suggested therein." Ford v. Unum Life Ins. Co. of Am., 465 F. Supp. 2d 324, 327 n.2 (D. Del. 2006) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)).

## III. DISCUSSION

The statutory and administrative provisions which govern

when Davis-Bacon Act prevailing wages apply, to which workers they apply, and how much those workers are due are voluminous and complex. We will therefore sketch the terms of the relevant statutes and regulations, then separately address the Plaintiff's claims against the PHA and the federal agencies. We conclude that the Plaintiff cannot pursue his claims against the PHA and dismiss those claims with prejudice. Construing his complaint with extreme generosity, we conclude that the Plaintiff may bring a claim for judicial review of the Administrator of the Division's final decision as to whether and to what extent the Davis-Bacon Act applied to the Plaintiff's work for the PHA when the Administrator issues such a decision. But, because the letters from other officials of the Division are not final decisions of the Administrator, they are not "final agency action" within the meaning of 5 U.S.C. § 704, and we must dismiss the Plaintiff's claims for judicial review without prejudice to their renewal if the Administrator's eventual final decision aggrieves the Plaintiff.[2]

A. The Davis-Bacon Act Statutory and Regulatory Scheme

---

[2] Given the substantial overlap between the prudential requirement of exhaustion and the statutory requirement of finality, we conclude that the Defendants have sufficiently raised the issue of finality despite casting their arguments in terms of exhaustion. Cf. Ticor Title Ins. Co. v. Federal Trade Comm'n, 814 F.2d 731 (D.C. Cir. 1987); id. at 732-745 (Edwards, J., concurring) (dismissal should be affirmed because aggrieved party had not exhausted administrative remedies); id. at 745-750 (Williams, J., concurring) (dismissal should be affirmed based on absence of final agency action within the meaning of 5 U.S.C. § 704); id. at 750-758 (Green, J., concurring) (dismissal should be affirmed because case was not ripe for review).

5

The Davis-Bacon Act is "a minimum wage law designed for the benefit of construction workers," United States v. Binghamton Constr. Co. (Binghamton), 347 U.S. 171, 178 (1954), which "protect[s] local wage standards by preventing contractors from basing their bids on wages lower than those prevailing in the area," Universities Research Ass'n v. Coutu, 450 U.S. 754, 773 (1981) (internal quotations omitted). It therefore mandates the payment of minimum wages to "various classes of laborers and mechanics" who work on federally funded construction projects. See 40 U.S.C. § 3142(a). Such projects include certain public housing projects, see 42 U.S.C. § 1437j(a), and projects funded by the American Recovery and Reinvestment Act of 2009 ("ARRA"), see ARRA, Pub. L. No. 111-5, Div. A, § 1606, 123 Stat. 303.

Where it applies, the Davis-Bacon Act requires a federal contractor to agree to certain contractual provisions, including the right of the relevant contracting officer to withhold "so much of accrued payments as the contracting officer considers necessary to pay to laborers and mechanics employed by the contractor or any subcontractor on the work the difference between the rates of wages required by the contract to be paid laborers and mechanics on the work and the rates of wages received." 40 U.S.C. § 3142(c)(3). If the contractor underpays its workers, "the Comptroller General shall pay directly to laborers and mechanics from any accrued payments withheld under

6

the terms of a contract any wages found to be due laborers and mechanics." 40 U.S.C. § 3144(a)(1). If the withheld funds are inadequate to compensate for the underpayment, the workers may bring a civil action against the contractor and any surety for the balance owed to them. 40 U.S.C. § 3144(a)(2). The statute provides no broader right of action for workers to recover for claimed underpayment. See, e.g., Weber v. Heat Control Co., 579 F. Supp. 346, 348, (D.N.J. 1982), aff'd, 728 F.2d 599, 599 (3d Cir. 1984).

The individual contracting agencies, such as HUD, initially determine whether the Davis-Bacon Act covers the projects they fund. See 29 C.F.R. § 5.6. If a project is covered by the Davis-Bacon Act, then the contractors must pay wages pre-determined by the DOL through the process set forth in 29 C.F.R. part 1. The Administrator, upon request, resolves disputes about "application and interpretation of wage determinations (including the classifications therein) issued pursuant to [29 C.F.R.] part 1 . . ., of the rules contained in [29 C.F.R. part 5] and in [29 C.F.R.] parts 1 and 3, and of the labor standards provisions of any of the statutes listed in [29 C.F.R.] § 5.1."[3] 29 C.F.R. § 5.13. Pursuant to 29 C.F.R. § 5.13, "a contractor, labor

---

[3] In contrast, the more extensive procedures in 29 C.F.R. § 5.11 apply only to "resolution of disputes of fact or law concerning payment of prevailing wage rates, overtime pay, or proper classification," and may only be invoked "upon the Administrator's own motion, upon referral of the dispute by a Federal agency pursuant to [29 C.F.R.] § 5.5(a)(9), or upon request of the contractor or subcontractor(s)." See 29 C.F.R. § 5.11.

7

organization, or employee may appeal a final [contracting] agency determination that a project is not covered by the Act to the [Administrator]." Coutu, 450 U.S. at 760-61 (citing 29 C.F.R. § 5.13 in its former codification as 29 C.F.R. § 5.12).[4]

Thereafter, a party dissatisfied with a final decision of the Administrator may appeal to the DOL's Administrative Review Board ("ARB"). See 29 C.F.R. § 7.9(a). Because § 7.9(a) makes such an appeal permissive, an aggrieved party may seek judicial review of the ARB's decision after appeal or may seek judicial review of the Administrator's decision directly. See 5 U.S.C. § 704; Darby v. Cisneros, 509 U.S. 137, 143-47 (1993).

The DOL's determinations of the applicable wage rates are not subject to judicial review. Binghamton, 347 U.S. at 177. But other DOL rulings, including its determinations of Davis-Bacon Act coverage, are so reviewable. See, e.g., Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052 (D.C. Cir. 2007); (citing Ball, Ball & Brosamer, Inc. v. Reich, 24 F.3d 1447 (D.C. Cir. 1994); North Georgia Bldg. & Constr. Trades Council v. Goldschmidt, 621 F.2d 697, 707 (5th Cir. 1980).

B. The Claims Against The PHA

The Davis-Bacon Act contains no general private right of

---

[4] Coutu noted that nothing in the regulations as they existed at the time provided for such an appeal after the relevant contract had been awarded. 450 U.S. at 760-61 & n. 9. The regulations now do provide for contract revision based on post-award determinations by the Administrator. See 29 C.F.R. § 1.6(f).

8

action for workers seeking back pay. See Weber v. Heat Control Co., 579 F. Supp. 346, 348, (D.N.J. 1982), aff'd, 728 F.2d 599, 599 (3d Cir. 1984); Miccoli v. Ray Communications, Inc., No. 99-3825, 2000 WL 1006937, at *3 n.1 (E.D. Pa. July 20, 2000). The Act only authorizes a private right of action after certain administrative mechanisms designed to ensure adequate payment have failed. See 40 U.S.C. § 3144(a)(2). The Plaintiff therefore may not pursue this action against PHA until such time as the factual predicates of an action pursuant to § 3144(a)(2) exist. Because the Plaintiff has not pleaded that such facts exist, he may not bring a claim based on § 3144(a)(2).

Moreover, to the extent that the Plaintiff attempts to bring a state law claim against the PHA seeking to enforce the relevant construction contracts on a third-party beneficiary theory, we conclude that we have no jurisdiction to entertain it. Diversity of citizenship between the Plaintiff and the PHA does not exist, see 28 U.S.C. § 1332, and, in light of the dismissal of the claims against the federal agencies, no basis for supplemental jurisdiction exists, see 28 U.S.C. § 1367; see also International Bhd. Of Elec. Workers, Local 41 v. United States Dep't of Housing and Urban Dev., 686 F. Supp. 66, 73 (W.D.N.Y. 1986).[5] We must

---

[5] Even were we to have jurisdiction over such a claim, the Plaintiff's right to bring it is not at all clear. Compare Grochowski v. Phoenix Constr., 318 F.3d 80, 85-86 (2d Cir. 2003) (third-party beneficiary claims to enforce Davis-Bacon Act wage rates contained in federal project construction contracts preempted and are impermissible) with Cox v. NAP Constr. Co., 10 N.Y.3d 592, 601-606, 891 N.E.2d 271 (2008) (third-party beneficiary claims to enforce

therefore dismiss the action with prejudice as against the PHA.

C.  The Claims Against DOL

The APA only permits judicial review of "final agency action."  5 U.S.C. § 704.  Prior to such final agency action, a court lacks statutory jurisdiction to review the agency's decision.  See id.  Although a party aggrieved by agency action must exhaust all her mandatory administrative remedies, § 704 does not permit a reviewing court to treat optional administrative remedies as mandatory.  Darby, 509 U.S. at 143-48.

We look to pragmatic concerns in determining whether agency action is "final" for purposes of § 704.  See Solar Turbines, Inc. v. Seif, 879 F.2d 1073, 1080 (3d Cir. 1989) (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 149-53 (1967) and Federal Trade Comm'n v. Standard Oil Co., 449 U.S. 232, 239-40 (1980)).  Relevant factors include whether "[1] the agency action represent[s] the definitive position of the agency. . . .  [2] the agency pronouncement ha[s] the status of law. . . . [3] the agency action ha[s] an immediate impact on the daily operations of the plaintiff. . . .  [4] the dispute [is] over a pure question of law, without the need for factual development. . . . [5] a pre-enforcement challenge [would] speed enforcement of the relevant act."  Seif, 879 F.2d at 1080 (citing Gardner, 387 U.S. at 149-53 and Standard Oil Co., 449 U.S. at 239-40).

---

Davis-Bacon Act wage rates contained in federal project construction contracts not preempted and are permissible).

10

Accordingly, we must dismiss, without prejudice, the Plaintiff's attempt to seek review of the DOL's determination that the Davis-Bacon Act wage rates[6] do not apply to his work for the PHA because the letters to the Plaintiff do not constitute final agency action within the meaning of 5 U.S.C. § 704.[7] By their own terms, the letters do not represent the definitive position of the agency and do not have the status of law. In contrast to other formal rulings or interpretations by the Administrator or his or her subordinates, the letters the Plaintiff received do not state that they are final rulings pursuant to 29 C.F.R. § 5.13,[8] nor do they inform the Plaintiff of his right to appeal any such final ruling to the DOL's Administrative Review Board pursuant to the regulations set forth in 29 C.F.R. part 7. (Compare Bostic Letter; Helm Letter with

---

[6] To the extent that the Plaintiff actually seeks judicial review of the DOL's determination of the actual wage rates which he contends apply to him, we conclude that he may not do so. A party may only challenge the DOL's determination of wage rates by means of the procedures set forth in 29 C.F.R. § 5.11 and 29 C.F.R. §§ 7.2-7.8 and may not seek APA review. See Binghamton, 347 U.S. at 177.

[7] The DOL and HUD argue that sovereign immunity shields them from this suit and that, even if they had consented to such a suit, they lack the power to order the PHA to pay the Plaintiff. Viewing the Plaintiff's complaint as a petition for judicial review, both arguments clearly fail. The APA waives the sovereign immunity of the United States for claims within its purview. See 5 U.S.C. § 702. And, if the DOL ultimately determines that the Davis-Bacon Act covered the Plaintiff's work for the PHA such that additional payment is proper, the DOL may bring its enforcement apparatus to bear on the PHA for failure to make such payment.

[8] Because no action was initiated by the Administrator, referred by HUD pursuant to the contract language set forth in 29 C.F.R. § 5.5(a)(9), or requested by a contractor or subcontractor, it appears, contrary to PHA's argument, that the procedures in 29 C.F.R. § 5.11 do not apply. See 29 C.F.R. § 5.11.

11

United States Dep't of Labor, Wage & Hour Div., Ruling Letter - Davis-Bacon and Related Acts - 2006-1, available at http://www.dol.gov/whd/opinion/dbra/DBRA2006_1.htm); cf. United States ex rel. Local 342 Plumbers & Steamfitters v. Dan Caputo Co., 321 F.3d 926, 932 (9th Cir. 2003) (letters from DOL officials regarding Davis-Bacon Act classification dispute were not final agency action). Moreover, both letters suggest that further factual development could lead the Administrator to reverse his or her conclusion, so the dispute between the Plaintiff and the DOL does not concern a pure question of law. (See Bostic Letter; Helm Letter.) Accordingly, although the Plaintiff has already been affected by any improper denial of wages owed to him and no pre-enforcement challenge is at issue, the Seif finality factors weigh in favor of determining that no final agency action has occurred here.

Because the DOL's letters to the Plaintiff do not represent final agency action, this Court has no statutory authorization to review the DOL's decision as set forth in the letters. Before he seeks review in this Court, the Plaintiff must formally comply with 29 C.F.R. § 5.13 by making a request to the Administrator for a formal ruling about whether and to what extent the Davis-Bacon Act covered his work for the PHA.[9] Only after the

---

[9] We note that the regulations forbid the Administrator from refusing such a request. See 29 C.F.R. § 5.13 ("All questions relating to the application and interpretation of . . . the labor standards provisions of any of the statutes listed in § 5.1 shall be referred to the Administrator for

12

Administrator or his or her designee has issued such a final ruling and interpretation denying the Plaintiff the relief he seeks may the Plaintiff return to this Court to seek judicial review. The Plaintiff's claims against the DOL are therefore dismissed without prejudice.

C. The Claims Against HUD

Although the regulations obligate HUD to determine, in the first instance, whether the Davis-Bacon Act applies in a given circumstance, see 29 C.F.R. § 5.6, the regulations contemplate that, in the event of a dispute about Davis-Bacon Act coverage, the Administrator makes the final determination, see 29 C.F.R. § 5.13. It follows that none of the action which HUD has taken in this matter is "final" within the meaning of 5 U.S.C. § 704. We must therefore also dismiss the claims against HUD without prejudice.

**IV. CONCLUSION**

For the reasons so stated, we grant the Defendants' respective motions to dismiss. The dismissal is with prejudice as to the claims against the PHA and without prejudice as to the claims against the DOL and HUD. An appropriate order follows.

---

appropriate ruling or interpretation.") (emphasis added).